**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4263

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW PATRICK JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:21-cr-00091-MR-WCM-1)

Submitted: March 21, 2023                    Decided: March 23, 2023

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Patrick Jones pleaded guilty, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Jones to concurrent terms of 60 months on the first two counts and a consecutive 60-month term on the third count, for a total sentence of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentencing enhancement authorized by U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) (2018) inequitably permits double counting on convictions for possession of a stolen firearm. The Government has declined to file a response brief. In his pro se supplemental brief, Jones raises as issues claims of ineffective assistance of counsel and police misconduct during his arrest.

Our review of the plea colloquy confirms that the magistrate judge complied with Fed. R. Crim. P. 11 and properly concluded that Jones' plea was knowing, voluntary, and supported by a sufficient factual basis. As for Jones' sentence, we "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard[]' . . . whether the sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review encompasses the sentence's procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. After reviewing the record, we conclude that Jones'

2

sentence is both procedurally and substantively reasonable and that his claim of double counting is unfounded.

We typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). We find that no ineffective assistance of counsel conclusively appears in the record. Likewise, we conclude that Jones' claims of police misconduct are not of the sort that would invalidate Jones' guilty plea. *See United States v. Fisher*, 711 F.3d 460, 469-70 (4th Cir. 2013) (concluding that plea was involuntary when "law enforcement officer intentionally l[ied] in a[n] affidavit that formed the sole basis for searching the defendant's home" and defendant discovered lie after plea).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3